LEMMON, Judge
(concurring).
Acknowledging the controlling authority of the Supreme Court decision in Moore v. St. Paul Fire & Marine Ins. Co., supra, I express my disagreement with the theory that knowledge or notice of disability *501 should not obviate the statutory prerequisite of a demand for payment.
R.S. 22:658 requires the insurer to pay any claim due “within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest” and further provides that “(f)ailure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty. . .."
The statute thus provides for a penalty in order to insure prompt payment of benefits to workers who are disabled from earning a living, but allows the insurer adequate time to investigate the circumstances before the penalty is imposed. The overall legislative purpose is to guarantee benefits promptly while not unfairly penalizing the insurer, and the overall scheme contemplates that the employer will notify its insurer promptly of the occurrence of an injury.
In the present case the insurer’s claims manager testified that his company did not receive the employer’s first report of the May 9 injury until June 16.[1]
The legislature, foreseeing that some employers would not promptly notify the insurer of accidents, enacted R.S. 23:1162, subd. C, which in effect imputes the employer’s knowledge of the occurrence of the injury to the insurer.[2] Thus, in those situations where the employer’s tardiness creates a hardship, the legislature chose to place the hardship on the insurer, rather than on the employee.
In my opinion the Moore decision defeats the legislative purpose by delaying the commencement of the 60-day period until demand has been made, irrespective of knowledge of the disability by the employer or its insured. I have difficulty perceiving the purpose of a proof of loss or a demand where the insurer has knowledge of the disability.
In this case the employer had immediate knowledge of the obvious disability, and its insurer failed to commence benefits within 60 days thereafter or to show at trial any reason for the failure except the employer’s delay. In my opinion the statutory penalty should be imposed.

. Plaintiff obviously was temporarily and totally disabled when she lost her finger in the accident, and the insured’s manager took her to the hospital. Thus, the insured had immediate knowledge of the disability.
Furthermore, the hospital wrote to the insured on May 10, and defendant’s agent who wrote the policy received the letter on May 15 and accepted liability. (The record does not show when the hospital bill was paid.)

. R.S. 23 ¡1102, subd. C provides :
“All policies insuring the payment of compensation must contain a clause to the effect that as between the employee and the insurer, the notice of the insured or the knowledge of the occurrence of the injury on the part of the insured, shall be deemed to be notice or knowledge on the part of the insurer, as the case may be.”